**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Manuel ARECHIGA–RAMIREZ, Defendant–Appellant.**

**No. 07–16939.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed March 8, 2010.

Brian L. Sullivan, Assistant U.S., Elizabeth Olson, Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Jose Manuel Arechiga–Ramirez, White Deer, PA, pro se.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jose Manuel Arechiga–Ramirez appeals pro se from the district court's judgment denying his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Arechiga–Ramirez contends that his appellate counsel was ineffective for failing to advise him of his right to petition the Supreme Court for a writ of certiorari. A

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

federal defendant's right to effective assistance of counsel on appeal is grounded in the Due Process Clause of the Fifth Amendment. *See United States v. Baker,* 256 F.3d 855, 859 n. 2 (9th Cir.2001). The Supreme Court has held that this right does not extend to the filing of a petition for a writ of certiorari. *See Ross v. Moffitt,* 417 U.S. 600, 617–18, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *see also Miller v. Keeney,* 882 F.2d 1428, 1433 (9th Cir.1989) (recognizing that "the Supreme Court has interpreted the due process clause as not comprehending a right to counsel, and thus not including a right to the effective assistance of counsel, for the filing of certiorari petitions"). Counsel's failure to advise Arechiga–Ramirez regarding his right to file such a petition therefore did not violate his constitutional rights. Moreover, Arechiga–Ramirez has failed to demonstrate that he suffered any prejudice as a result.

We construe the additional arguments in the opening and reply briefs as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**